HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
JESSICA GANDARA
Certified Law Student
Office of the Federal Defender
801 "I" Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710
rachelle.barbour@fd.org

Attorneys for Defendant
RICHARD SERRELL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:12-CR-00198-MCE |
|---|---|
| Plaintiff, | MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| vs. | |
| RICHARD SERRELL | Judge: Hon. Morrison C. England |
| Defendant. | |

## I. INTRODUCTION

Mr. Serrell hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The thirty-six month term of supervised release began on July 17, 2017 and is scheduled to be completed on July 17, 2020. Mr. Serrell has completed over twenty-one months of his supervisory term. His Probation Officer, Jenna Russo, has reviewed this motion and indicated that she does not oppose. The Government has also reviewed this motion and indicated that it does not oppose. Accordingly, no hearing has been requested.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision

if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense, and history and circumstances of defendant); 3553(a)(2)(b)(adequate deterrence to criminal conduct); 3553(a)(2)(C) (protect public from further crimes of defendant); (a)(2)(D)(provide needed training, care, or treatment); (a)(4) (kinds of sentence available); (a)(5) (policy statements); (a)(6) (avoid unwarranted disparities); and (a)(7) (restitution).

Pursuant to the Guide to Judiciary Policy, there is a presumption in favor of recommending early termination for supervisees after the first eighteen months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(g), "Early Termination" (Monograph 109) (rev'd 2010).

On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id*.

### III. MR. SERRELL SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Serrell satisfies all factors set forth for early termination. As of April 2019, Mr. Serrell has completed approximately twenty-one months of his thirty-six month term of supervision and does not require any programming or treatment. Mr. Serrell emails a written report once a month to the Probation Officer, but requires no services. Mr. Serrell has been fully compliant with all the standard and special conditions of supervision. He has completed one year of substance abuse testing and has passed all his drug tests.

Mr. Serrell pled guilty to a violation of Title 21 U.S.C. 841(a)(1) – Manufacture of at Least 50 Marijuana Plants on December, 10, 2015. On May 19, 2016 Mr. Serrell was sentenced to a term of one year and one day in custody and a supervised release term of thirty-six months. There was no restitution ordered against Mr. Serrell. Before he served time in custody, he was under the supervision of Pretrial Services from May 2012 until June 2016. Since his release from custody in July 2017, Mr. Serrell has fully complied with all requirements of supervised release. He has demonstrated that he is more than capable of living a law-abiding life, being a productive member of society, and that further supervised release is not necessary to protect the public.

Mr. Serrell has maintained stable employment since his release from custody. In 2014, Mr. Serrell got a job at The Grill Studios in Emeryville, California and worked there for two years until he was incarcerated in 2016. Immediately upon his release from custody in July 2017, Mr. Serrell was eager to reintegrate into society and resumed his position at The Grill Studios where he worked until December 2018. While at The Grill Studios, Mr. Serrell assisted many organizations with recording and media projects including San Francisco State University, University of California, Berkley, the Oakland School District, and the Oakland Police Department. Throughout his time at The Grill Studios, Mr. Serrell demonstrated that he was an "excellent employee" and "an incredibly valuable asset to [the] business." (Exh. A [Reference Letter 1]).

Recently, in January 2019, Mr. Serrell started a new career with REG Trading Company ("REG") in San Francisco, California. He works full time as a warehouse technician where he

loads and unloads trucks and delivers coffee supplies to businesses. Since Mr. Serrell has been with REG, he has proven to be "very diligent and extremely proactive." (Exh. B [Reference Letter 2]). The director of operations at REG has noted Mr. Serrell's strong work ethic and describes him as "a valuable asset and a very thorough employee who assists in problem solving issues…" *Id.*

Mr. Serrell's recent career change was motivated by ongoing financial hardships. Before his arrest in 2012, Mr. Serrell made a gainful living as a writer, performer, and producer and was financially self-sufficient. *See* Sentencing Memorandum, docket no. 1065 at p. 2-3. From 1989 until 2012, a significant portion of Mr. Serrell's income stemmed from his performances as a main act and as an opening act for other artists. *Id.* at p. 3. However, Mr. Serrell's probationary status while under the supervision of Pretrial Services from 2012 until 2016 and his current status on Supervised Release has prevented him from accepting offers to tour with his music. Because of Mr. Serrell's specialized and narrow employment skills, it has been difficult to for him to obtain gainful employment outside of the music industry that adequately covers his monthly expenses. Over the last two years, Mr. Serrell has resorted to selling his assets, including his vehicle, so that he can meet his financial obligations. Mr. Serrell has also been a homeowner since 1999 and fears that he might lose his home given his current financial situation.

Termination of Mr. Serrell's supervised release term would not only help him earn a more gainful income, it would also enable him to provide financial assistance to his two children, as he did before he was incarcerated. Mr. Serrell has always taken great pride in being a father and has done the best he can to provide both personal and financial support to his children. Mr. Serrell put his daughter through private school from kindergarten through college. He ensured that her "tuition, uniforms, and extensive extracurricular activities were taken care of." (Exh. C [Reference Letter 3]). In addition, when his daughter was accepted to college in Los Angeles, California, he was able to buy her her first car so that she could easily get to and from school. Mr. Serrell has a son that is now eight years old and he would like to provide the same

opportunities to his son as he did for his daughter. Terminating Mr. Serrell's remaining term of supervised release would give him the opportunity to reenter the music industry where he could use his specialized skills and earn a more gainful income to cover his financial expenses and financially support his family.

Mr. Serrell has demonstrated that he is capable of living a law-abiding life. He has complied with all the requirements of his supervised release according to the probation officer. He is a loving parent and a hardworking and valued employee. Mr. Serrell has fully reintegrated into the community and does not need supervised release to provide him with any educational or vocational training, medical care, or any other correctional treatment.

Mr. Serrell satisfies every factor for consideration in 18 U.S.C. § 3583(e). Given Mr. Serrell's commendable reentry into the community, outstanding performance on supervised release, and the support of the Probation Office for this motion, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e). The Government has indicated that it will not oppose. Should the Court feel that a hearing is unnecessary, a proposed order is attached.

Dated:  May 1, 2019

                                             HEATHER E. WILLIAMS
                                             Federal Defender

                                             */s/ RACHELLE BARBOUR*
                                             Rachelle Barbour
                                             Attorney for Defendant

                                             */s/ JESSICA GANDARA*
                                             JESSICA GANDARA
                                             Certified Law Student

## ORDER

Pursuant to 18 U.S.C §3583(e)(1), the Court hereby TERMINATES the term of supervised release imposed in this case and discharges RICHARD SERRELL for the reasons set forth above.

IT IS SO ORDERED.

Dated: May 2, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE